1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   YASIR MEHMOOD,                              No.  2:17-cv-0970 KJM AC PS

12                   Plaintiff,

13        v.                                     ORDER

14   TABASSUM SARANI,

15                   Defendants.

16

17        Plaintiff, an inmate at Nevada Southern Detention Center, is proceeding in this action pro

18   se, and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.

19   Although plaintiff is an inmate, this action does not challenge plaintiff's conditions of

20   confinement.  This proceeding was accordingly referred to the undersigned for pretrial

21   proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21).

22        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to

23   prepay fees and costs or give security for them.  ECF No. 2.  Accordingly, the request to proceed in

24   forma pauperis will be granted.  28 U.S.C. §§ 1915(a).  However, because plaintiff is an inmate, the

25   law requires that he pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §1914(a),

26   1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the

27   provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency

28   to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

1

Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## I. SCREENING STANDARDS

Granting IFP status does not end the court's inquiry.  The IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plaint statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Rule 8(d)(1).  The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relied from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 391, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 546 U.S. 1037 (2011).

The court applies the same rules of construction in determining the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must

2

accept the allegations as trust); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. <u>Western Mining Counsel v. Watt</u>, 643 F2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. <u>See Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. THE COMPLAINT

The complaint is brought under the Immigration and Naturalization act, 8 U.S.C. § 1183a. ECF No. 1 at 7 ¶ (1a). This statute is asserted as the basis for federal question jurisdiction. <u>Id.</u> As best as the court can tell from the 95-page complaint, the plaintiff is seeking "to enforce a sponsor's duty to provide financial support to an immigrant under an 'I-864 Affidavit of Support.'" ECF No. 1 at 9 ¶ (1); 37-44 (Affidavit of Support). The complaint alleges a breach of the affidavit of support. <u>Id.</u> at 9.[1]

////

---

[1] Under the federal statute, an affidavit of support filed on behalf of an immigrant is enforceable as a contract. 8 U.S.C. § 1183a(a)(1)(B). 8 U.S.C. § 1183a, creates a private right of action allowing a sponsored immigrant to enforce an affidavit of support. 8 U.S.C. § 1183a(e) ("An action to enforce an affidavit of support…may be brought against the sponsor in any appropriate court by a sponsored alien, with respect to financial support.").

The complaint, in its current form, does not satisfy the requirements of Rule 8. The complaint does not contain a "short and plain" statement setting forth the basis for federal jurisdiction, plaintiff's entitlement to relief, or the relief that is sought as required under Rule 8(a)(1)-(3). The allegations are obscured by pages of irrelevant facts and citations to statutes and cases, including 69 pages of exhibits. The complaint includes a great deal of material that is not required to state a claim for relief, and that makes it impossible to identify the facts that are relevant to plaintiff's claim for relief. To state a claim, plaintiff need only state what conduct defendant engaged in and how it violated his rights, including any supporting documentation such as the affidavit of support. Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1); <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996).

Because the complaint does not comport with Rule 8 for the reasons identified above, the complaint will be dismissed with leave to amend.

### III. AMENDING THE COMPLAINT

The amended complaint must contain a short and plain statement of plaintiff's claims. That is, it must state what the defendant did that harmed the plaintiff. The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. <u>See McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").

In setting forth the facts, plaintiff must not go overboard, however. He must avoid excessive repetition of the same allegations. He must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended

4

complaint supersedes the original complaint.  See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV.  PLAIN LANGUAGE SUMMARY FOR PRO SE PLAINTIFF

Your application to proceed in forma pauperis will be granted, but your complaint is being dismissed and you are being given an opportunity to submit and amended complaint within 30 days.  The amended complaint should be "simple, concise, and direct."  You should avoid excessively long and repetitive pleading, containing much narrative and story-telling.  You should also avoid attaching exhibits and documents that are not essential to your claims.  An amended complaint should briefly provide the necessary information, following the directions above.

### V.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2), is GRANTED;

2.  The complaint (ECF No. 1) is DISMISSED with leave to amend;

3.  Plaintiff may file an amended complaint within 30 days of the date of this order.  If plaintiff files an amended complaint, he must comply with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute.

DATED: July 31, 2017

_Allison Claire_

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5