UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>TABASSUM SARANI,<br><br>    Defendant. | No. 2:17-CV-0970 KJM AC PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se and in forma pauperis. Although plaintiff is presently incarcerated, this action does not challenge his conditions of confinement. This proceeding was accordingly referred to this court by E.D. Cal. R. ("Local Rule") 302(c)(21).

On August 16, 2017, the court dismissed plaintiff's complaint at the screening stage, but granted leave to amend. ECF No. 7. Plaintiff has now filed his first amended complaint ("Complaint"). ECF No. 8.

## I. SCREENING STANDARDS

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

1

1   Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

////

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. THE COMPLAINT

The complaint is brought under the Immigration and Naturalization Act, 8 U.S.C. § 1183a. ECF No. 8 at 8. This statute is asserted as the basis for federal question jurisdiction. Id. The complaint alleges a breach of the "I-864 Affidavit of Support." Id. at 10. Plaintiff alleges that defendant "did not honor [her] financial obligation as per i-864 affidavit from 8/17/2009 thru 9/21/2010," "4/3/2012 thru 2/28/2013," and "3/1/2013 until 8/21/2017." Id. For screening purposes, the complaint appears to state a cognizable claim against defendant for relief under 8 U.S.C. § 1183a(a)(1)(B).[1] If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

## III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

2. Service is appropriate for the following defendant: Tabassum Sarani.

3. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant, one summons, a copy of the complaint filed August 28, 2017 (ECF No. 8), and an instruction sheet.

4. Within 30 days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents, and submit the following documents to the court, for each defendant listed in number 3, above:

---

[1] An affidavit of support filed on behalf of an immigrant pursuant to the statute is enforceable as a contract. 8 U.S.C. § 1183a(a)(1)(B). Section 1183a creates a private right of action by which a sponsored immigrant may enforce an affidavit of support. 8 U.S.C. § 1183a(e) ("An action to enforce an affidavit of support . . . may be brought against the sponsor in any appropriate court by a sponsored alien, with respect to financial support.").

        a. The completed Notice of Submission of Documents;

        b. One completed USM-285 form;

        c. One completed summons; and

        d. One copy of the endorsed complaint.

5. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

6. Failure to comply with this order may result in a recommendation that this action be dismissed for lack of prosecution and failure to comply with a court order.

IT IS SO ORDERED.

DATED: September 26, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>TABASSUM SARANI,<br><br>    Defendant. | No. 2:17-CV-0970 KJM AC PS<br><br>ORDER |

Plaintiff submits the following documents in compliance with the court's order filed _____:

\_\_\_\_    completed summons forms

\_\_\_\_    completed USM-285 forms

\_\_\_\_    copies of the complaint

\_\_\_\_    consent forms

\_\_\_\_    copy of service order

_____        _____
Date                                                                                          Plaintiff

1