UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TABASSUM SARANI,<br><br>　　　　　Defendant. | No. 2:17-cv-0970 KJM AC PS<br><br><br>ORDER |

Defendant has filed a motion to seal the original complaint, ECF No. 1, and the first amended complaint, ECF No. 8. <u>See</u> ECF No. 15. In support of the motion, defendant states that plaintiff has filed exhibits that contain "personal information as identified in Rule 140. . ." ECF No. 15 at 2. Review of the original and first amended complaints reveals that plaintiff has indeed failed to comply with Local Rule 140. Accordingly, for the reasons explained more fully below, the court will construe defendant's request to seal as a request to redact identifying information under Local Rule 140(a). So construed, the requests will be granted.

Local Rule 140(a) states in pertinent part:

> When filing documents, counsel and the Court shall omit or, where reference is necessary, partially redact the following personal data identifies from all pleadings, documents, and exhibits, whether filed electronically or on paper, unless the Court orders otherwise:
>
> (i) Minors' names: In criminal actions, use the minors' initials; in civil actions use initials when federal or state law require the use of

1

    initials, or when the specific identity of the minor is not necessary to the action or individual document;

    (ii) Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number;

    (iii) Social Security numbers: Use only the last four numbers;

    (iv) Dates of birth: Use only the year;

    (v) Home addresses in criminal actions only; use only the city and state; and

    (vi) All other circumstances: Redact when federal law requires redaction.

  Plaintiff violated this rule by filing documents that contain information including defendant's social security number. Plaintiff shall take care in the future to comply with Local Rule 140 when dealing with documents containing personal identifying information. In the future, plaintiff may simply black out personal information such as date of births and social security numbers, and other identifying information, in accordance with Local Rule 140(a).

  It is not the court's job to redact documents filed in violation of the local rule. Local Rule 140(e) provides that "[n]either the Clerk nor the Court will review filed documents for compliance with privacy or other protective law, nor will the Court as a matter of course seal on its own motion documents containing personal data identifiers, or redact documents, whether filed electronically or on paper." Accordingly, if a violation of Rule 140(a) comes to the Court's attention in the future, the document will be stricken and the filing party will be required to replace it with a redacted document. In the interests of efficiency, however, the court will resolve the present problem by redacting the two items of personal identifying information from the first amended complaint. The original complaint having been superseded by the amended complaint, it will be removed from public access.

  Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to seal, ECF No. 15, is construed as a request to redact. So construed, the request is granted in part as follows.

////

2. The Clerk of the Court is directed to redact from the first amended complaint, ECF No. 8:
   a. Dates of birth, leaving only the year, from page 22,
   b. Social security numbers, leaving only the last four, from page 30.
3. Further, the Clerk of the Court is directed to restrict access to the complaint, ECF No. 1, to court personnel only.

IT IS SO ORDERED.

DATED: October 12, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE