UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD,<br><br>        Plaintiff,<br><br>   v.<br><br>TABASSUM SARANI,<br><br>        Defendant. | No. 2:17-cv-0970 KJM AC PS<br><br><u>ORDER AND FINDINGS &<br>RECOMMENDATIONS</u> |

Currently pending before the court are plaintiff's motions for recusal (ECF No. 34) and for discovery (ECF No. 33).

I. <u>MOTION TO RECUSE</u>

Plaintiff seeks recusal of the assigned district judge and magistrate judge. ECF No. 34. Plaintiff's motion is considered under the standards set forth in 28 U.S.C. §§ 144 and 455.

The Ninth Circuit has "held repeatedly that the challenged judge h[er]self should rule on the legal sufficiency of a recusal motion in the first instance." <u>United States v. Studley</u>, 783 F.2d 934, 940 (9th Cir. 1986) (citing <u>United States v. Azhocar</u>, 581 F.2d 735, 738 (9th Cir. 1978) (collecting cases)). "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States

1

shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Studley, 783 F.2d at 939 (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)).

Plaintiff alleges that the undersigned is biased against him based on the language of a previous order she issued. Plaintiff speculates that this shows a "natural feminism" which "offends and prejudice an immigrant plaintiff and shows partiality of judge." ECF No. 34 at 1 ¶2. Plaintiff further contends that the undersigned has "personal knowledge" of plaintiff's criminal conviction, and related bail matters which involved defendant Sarani, and therefore must be recused. Id. at 2 ¶ 3.[1] To the extent plaintiff's claims of bias arise out of the undersigned's rulings in this case, or involvement in any other case, recusal is not warranted. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. U.S., 510 U.S. 540, 555 (1994). Moreover, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) (citation omitted); see also Liteky, 510 U.S. at 551 ("Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.")

Plaintiff also argues the gender, race and citizenship of both the district judge and the undersigned warrants recusal of both judges. Id. at 2 ¶3-4. However, gender, race and citizenship are not proper grounds for recusal. See Waters v. Howard Sommers Towing, No. 10-CV-05296 CAS (AJW), 2012 WL 13005445, at *3 (C.D. Cal. Jan. 31, 2012) (citing MacDraw,

---

[1] See United States v. Mehmood, Case No.2:12-cr-00154 JAM, at ECF Nos. 38 (3/11/13 initial appearance before Judge Claire on pretrial release violation), 39 (detention order signed 3/11/13). This was plaintiff's only appearance before the undersigned in the course of his criminal case.

1 Inc. v. CIT Group Equip. Fin., 138 F.3d 33, 37 (2d Cir. 1998) ("Courts have repeatedly held that matters such as race or ethnicity are improper bases for challenging a judge's impartiality. ... A suggestion that a judge cannot administer the law fairly because of the judge's racial and ethnic heritage is extremely serious and should not be made without a factual foundation going well beyond the judge's membership in a particular racial or ethnic group. Such an accusation is a charge that the judge is racially or ethnically biased and is violating the judge's oath of office"); Blank v. Sullivan & Cromwell, 418 F.Supp. 1, 4 (S.D.N.Y. 1975) ("Indeed, if background or sex or race of each judge were, by definition, sufficient grounds for removal, no judge on this court could hear this case, or many others, by virtue of the fact that all of them were attorneys, of a sex, often with distinguished law firm or public service backgrounds")).

Plaintiff's allegations of bias are entirely baseless and are founded on nothing more than speculation. "Section 455 does not require the judge to accept all allegations by the moving party as true. If a party could force recusal of a judge by factual allegations, the result would be a virtual 'open season' for recusal." United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) (citing Phillips v. Joint Legislative Comm., 637 F.2d 1014 (5th Cir. 1981)). "[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." Id. Plaintiff's conclusory allegations, based on nothing more than speculation, fail to establish a reasonable question as to the district judge and the undersigned's impartiality or that a bias or prejudice exists.

Accordingly, the motion for recusal of the undersigned is denied, and it is recommended that the request for recusal of Judge Mueller be denied as well.

## II. MOTION FOR DISCOVERY

Plaintiff has also filed a motion for discovery. ECF No. 34. However, as communicated in this court's previous court order, discovery for this case will not commence until the defendant has filed an answer and a scheduling order has been issued. Accordingly, the motion for discovery will be denied as premature.

////

////

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to recuse the undersigned (ECF No. 34), is DENIED; and
2. Plaintiff motion for discovery (ECF No. 33), is DENIED.

Further, IT IS HEREBY RECOMMENDED THAT plaintiff's motion to recuse the assigned district judge (ECF No. 34) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 19, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE