UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YASIR MEHMOOD,

Plaintiff,

v.

TABASSUM SARANI,

Defendant.

No. 2:17-cv-00970 KJM AC PS

ORDER

Plaintiff is proceeding in this action pro se. The action was accordingly referred to the undersigned for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21). This matter is before the court on plaintiff's motion for a temporary restraining order. ECF No. 53.

Plaintiff moves for an expedited temporary restraining order to be issued to enjoin defendant from "either personally or through third parties causing to sale of any asset or any thing of value during the pendency of this civil action." ECF No. 53 at 1. This motion cannot be considered, because plaintiff has not complied with the notice requirements set forth in Local Rule 231(a) and Fed. R. Civ. Proc. ("Rule") 65(b). The circumstances in which the court may issue a temporary restraining order without written or oral notice to the adverse party are limited. See Fed. R. Civ. Proc. 65(b)(1)(A). Those circumstances are not present here. Specifically, there are no facts in plaintiff's complaint or any supporting affidavit that "clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be

1

heard in opposition[.]" See id.  Neither plaintiff's general allegations that defendant is disposing of assets, nor his conclusory assertion that he will be denied relief in his case if the temporary restraining order is not granted, supports consideration of the TRO application without notice to the defendant.

Additionally, the motion for a temporary restraining order is defective because plaintiff has not provided all the necessary documents required under Local Rule 231(c), such as an affidavit in support of the existence of an irreparable injury and a provision for a bond within the proposed temporary restraining order.  ECF No. 53.  To the extent plaintiff intends to seek a preliminary injunction, such a motion must be filed in accordance with Local Rule 231(d) and Rule 65(a) and must be noticed for an available calendar date.

The court further notes that plaintiff has filed previous requests for emergency relief that have been vacated or denied as procedurally defective.  See ECF Nos. 28, 32.  The court's previous orders have advised plaintiff of the requirements for seeking a temporary injunction, id., but plaintiff has not conformed his motion to those requirements.  Plaintiff has also filed numerous other documents not contemplated by the Federal Rules of Civil Procedure and without any legal effect.  See, e.g., ECF Nos. 35-39 ("Due Process Notices" regarding damages, interest, and other matters related to remedies).  These filings burden the court and fail to advance the litigation.  Plaintiff is cautioned that "pro se litigants must follow the same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Future motions that do not substantially conform to the Federal Rules of Procedure and the Local Rules of this court will be summarily vacated.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for temporary restraining order, ECF No. 53, is VACATED.

IT IS SO ORDERED.

DATED: June 6, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2