UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD,<br><br>    Plaintiff,<br><br>v.<br><br>TABASSUM SARANI,<br><br>    Defendant. | No. 2:17-cv-00970 KJM AC PS<br><br><br>ORDER |

Pending before the court are plaintiff's motion for reconsideration, ECF No. 58, and motion to compel, ECF No. 62. The court addresses each motion in turn.

I. <u>Motion for Reconsideration</u>

The court has discretion to reconsider and vacate a prior order. <u>Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994)</u>; <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. <u>Northwest Acceptance Corp. v. Lynnwood Equip., Inc.</u>, 841 F.2d 918, 925–26 (9th Cir. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. <u>United States v. Rezzonico</u>, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered

////

1

by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The moving party must also show "why the [new] facts or circumstances were not shown at the time of the prior motion." Id.

Plaintiff seeks reconsideration of the undersigned's June 6, 2018 order denying plaintiff's motion for a temporary restraining order. ECF No. 55. The court will deny plaintiff's motion because he does not present any new facts or circumstances, or changes in the law, meriting reconsideration. Plaintiff is seeking a temporary restraining order against defendant to prevent defendant from disposing of or transferring her assets. However, plaintiff presents no new facts that would alter the outcome of the court's previous order. Instead, plaintiff makes arguments similar to those asserted in his initial motion: that he will be "highly prejudiced with irreparable injury if the assets are sold until the judgment of this case," which plaintiff predicts is "highly likely." ECF No. 58 at 2; 53 at 1, 2. Plaintiff cites no new rule of law and provides no factual support for his motion for reconsideration. His motion for reconsideration must therefore be denied.

II. Motion to Compel

Plaintiff has also filed a motion to compel. ECF No. 62. Plaintiff's motion states, in its entirety, "plaintiff move[s] the honorable court for a motion to compel discovery from defendant. As of today, no discovery is provided by defendant. Defendant was served discovery motion on or about May 27, 2018 after discovery and scheduling order." ECF No. 62 at 1.

1         The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Discovery may be sought of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative," or can be obtained from another source "that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if the proposed discovery is overly burdensome. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," U.S. v. Procter & Gamble Co., 356 U.S. 677, 682 (1958), and to narrow and clarify the issues in dispute, Hickman v. Taylor, 329 U.S. 495, 501 (1947).

        Where a party fails to answer an interrogatory submitted under Fed. R. Civ. P. 33, or fails to produce documents requested under Fed. R. Civ. P. 34, the party seeking discovery may move for compelled disclosure. Fed. R. Civ. P. 37. "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at * 1 (S.D. Cal. May 14, 2009) (citations omitted). The opposing party is "required to carry a heavy burden of showing" why discovery should be denied. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975).

        Here, plaintiff has not complied with the threshhold requirements for court intervention. Plaintiff has not identified the discovery requests at issue. He states that a "discovery motion" was served on or about May 27, 2018, but does not specify the type of discovery he sought from defendant (such as requests for production of documents, requests for admissions, or

////

interrogatories[1]), let alone reproduce the requests as required by Fed. R. Civ. P. 26(b)(1). Because plaintiff has (1) failed to identify the discovery requests at issue, (2) failed to explain how the requests seek information reasonably related to lead to the discovery of admissible evidence, and (3) and failed to explain why they are proportional to the needs of the case, the motion to compel must be denied.

The discovery period closed on September 14, 2018. See ECF No. 47 at 5 ("The parties may conduct discovery until **September 14, 2018**. Any motions necessary to compel discovery shall be filed by **September 14, 2018**.") Accordlingly, pursuant to the Discovery and Scheduling Order, further discovery disputes will not be entertained.

III. Conclusion

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, ECF No. 58, is DENIED; and
2. Plaintiffs motion to compel, ECF No. 62, is DENIED.

IT IS SO ORDERED.

DATED: December 7, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] See Fed. Rules Civ. Proc. 33, 34, & 36.