UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TABASSUM SARANI,<br><br>　　　　Defendant. | No. 2:17-cv-00970-KJM-AC<br><br>ORDER |

The court is in receipt of plaintiff's motion to appoint counsel. ECF No. 66. Plaintiff is bringing his civil case as a self-represented litigant proceeding in forma pauperis. ECF No. 4.

**I.　Motion**

Plaintiff requests that the court appoint counsel, asserting that he is not of sound mind to be making decisions and cannot assist himself in this litigation. ECF No. 66 at 1.

**II.　Analysis**

In civil cases, a pro se litigant's right to counsel "is a privilege and not a right." United States ex Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel is not warranted at this time. Plaintiff's case is not overly complex. <u>See</u> ECF No. 8. The fact that plaintiff does not feel personally able to prosecute his case without the assistance of counsel is not an exceptional circumstance. Appointment of counsel therefore is not appropriate.

### III. Conclusion

Plaintiff's motion to appoint counsel (ECF No. 66) is DENIED.

IT IS SO ORDERED.

DATED: January 7, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE