UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD,<br><br>Plaintiff,<br><br>v.<br><br>TABASSUM SARANI,<br><br>Defendant. | No. 2:17-cv-0970 KJM AC PS<br><br><br>ORDER |

Plaintiff and defendant are each proceeding pro se in this action. The matter was referred to a United States Magistrate Judge as provided by Local Rule 302(c)(21).

On February 12, 2019, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 73. Plaintiff has filed objections to the findings and recommendations. Objections, ECF No. 74.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis, and provides the following clarifications.

Plaintiff filed an interlocutory appeal of the magistrate judge's January 15, 2019 order sua sponte granting defendant an extension of time to file a motion to dismiss or a motion for summary judgment but prohibiting further dispositive motions from plaintiff. *See* ECF No. 68

1

(magistrate judge's order signed Jan. 15, 2019 and docketed Jan. 16, 2019); ECF No. 70 (clerk of court's notice of appeal). Plaintiff filed two notices of interlocutory appeal in this court. In his first notice, addressed to the "Deputy Clerk," plaintiff challenged the magistrate judge's January 15, 2019 order as "biased" and "giving legal advice to defendant." ECF No. 69 (notice of interlocutory appeal dated Jan. 22, 2019, filed Jan. 28, 2019). The second notice, addressed to the undersigned, raised the same issues as the first, but added that plaintiff was "prejudice[d]" by the magistrate judge's order, and also stated:

> Dear Judge, this is not the first time magistrate judge showed bias (a) my motion for summary judgment is denied on technicalities not on merits (b) my motion for discovery was filed and properly served on defendant but was denied on technicalities (c) after this case, defendant put a restraining order on me so I can't serve anything but, [sic] the court refuse to direct USMS to serve motions as requested by me.

ECF No. 71 (notice of interlocutory appeal dated Jan. 22, 2019 and filed Feb. 1, 2019). Plaintiff closed his notice stating, "Because I file motion to recuse b/c M. Judge knows defendant from my criminal case #cr-12-154-jam." *Id.*

On February 15, 2019, plaintiff filed a letter in his Ninth Circuit appeal, stating:

> The issue presented in this interlocutory appeal is under review by U.S. District Court Judge, which will serve the purpose of the appeal. My contention was that magistrate judge is without power and jurisdiction to decide dispositive matters such as denying me to file motion for summary judgment.
>
> I hope that USDJ Ms. Kimberly Mueller will look into this matter and allow me to file summary judgment motion. So, I request to dismiss this appeal in the interest of justice and to save judicial resources.

Ninth Circuit Appeal No. 19-15244, Dkt. Entry No. 3. On March 15, 2019, the Ninth Circuit construed plaintiff's letter as a motion for voluntary dismissal of his appeal and granted the motion, so construed. ECF No. 79.

The court now addresses plaintiff's objections to the magistrate judge's findings and recommendations as well as his complaints on appeal. Turning first to plaintiff's notice of interlocutory appeal addressed to the undersigned, ECF No. 71, the court notes that the magistrate judge denied plaintiff's motions for summary judgment, ECF Nos. 54, 57, because neither motion

2

complied with the court's local rules. ECF No. 59 (minute order denying motions for summary judgment as "defective pursuant to Local Rule 260"); *see* E.D. Cal. R 260 (identifying requirements for filing a motion for summary judgment). While plaintiff complains that he is not familiar with those rules, his lack of familiarity is no excuse under the law. *See* ECF No. 60 (requesting magistrate judge "clarify" the "defect" in his motions and provide him with "a copy of the local rules"); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("[P]ro se litigants are bound by the rules of procedure."). The court will provide plaintiff with a copy of the local rules to aid him moving forward, but again cautions him that his pro se status does not relieve him from complying with procedural requirements. Second, the magistrate judge adequately addressed plaintiff's premature requests for discovery, ECF No. 28 at 1 (denying as premature plaintiff's request for discovery because he had not yet completed the summons form and no scheduling order had issued); ECF No. 41 at 3 ("[A]s communicated in this court's previous court order, discovery for this case will not commence until the defendant has filed an answer and a scheduling order has been issued."), and, later, his incomplete motion to compel discovery, ECF No. 65 at 3 ("[P]laintiff has not complied with the threshold requirements for court intervention."). Plaintiff did not timely object to the magistrate judge's orders on these motions and he raises no cogent objection now. *See* Fed. R. Civ. P. 72(a) (allowing a party to "serve and file objections to [a magistrate judge's] order [on a nondispositive issue] within 14 days after being served with a copy."). Finally, the magistrate judge properly resolved plaintiff's allegations of bias arising from her minimal involvement in his prior criminal case. ECF No. 41 (April 20, 2018 findings and recommendations denying motion to recuse); ECF No. 50 (May 30, 2018 order from the undersigned adopting findings and recommendations).

Regarding plaintiff's objections, plaintiff complains that the magistrate judge lacked jurisdiction to issue the findings and recommendations because plaintiff's appeal was pending, but that appeal has been dismissed and plaintiff cannot properly claim that this court now lacks jurisdiction to enter this order. *See* Objections at 1. Because the scheduling order in this case required the parties to file "[a]ll pretrial motions, except motions to compel discovery, . . . on or before December 12, 2018," ECF No. 47 at 5, the court rejects plaintiff's complaint that

3

the "magistrate judge violated due process when it [sic] never notifies plaintiff a [sic] time limit . . . he can file dispositive motions," Objections at 3. Plaintiff did not properly move for summary judgment within the time prescribed under the scheduling order. Despite his frustration, he was not prejudiced by the magistrate judge's sua sponte extension of defendant's time to file a dispositive motion without affording him the same extension, nor was he prejudiced when defendant purportedly did not serve him with that motion, as the motion to dismiss was unsuccessful and this case is proceeding to trial. *See* Objections at 1. Plaintiff also complains that the court ignored his request to order the United States Marshals to serve his pleadings on defendant in light of her restraining order against him, with "fees [to] be paid by defendant," *see* ECF No. 58 at 2, but the court is not required to assist plaintiff in meeting his obligations in this litigation and will not require defendant to bear the costs of plaintiff's compliance, *see* Objections at 2. Plaintiff complains he has been "den[ied] relief because [he] was hospitalized," *id.*, but none of his notices of hospitalization indicated plaintiff needed additional time to file any motion, *see* ECF No. 56 (notifying court of hospitalization "caused by defendants [sic] conduct as she filed restraining order on plaintiff"), ECF No. 61 (notifying court of hospitalization without requesting additional time to file motions), ECF No. 63 (same), ECF No. 64 (same). The court again rejects plaintiff's unsupported allegations that the undersigned and the magistrate judge are biased or conspiring against plaintiff "because the judge and defendant are females and U.S. citizens" or because plaintiff is an immigrant. *See* Objections at 2. The court also rejects plaintiff's allegations that the court waited to address this case "because defendant hinted" that plaintiff would be deported in June 2018. *Id.* at 4. This court is one of the most impacted in the nation and delays, though unfortunate, are unavoidable.

Finally, the court notes that in his "motion for bench trial and motion for summary judgment," plaintiff requested "a bench trial" because of his "health and repeated hospitalization," "ICE refusal to plaintiff for participation in trial through video court and refusal to transport him in Sacramento" and defendant's restraining order against plaintiff. ECF No. 57. In his objections, plaintiff notes his "motion for summary judgment was (and) will be 'without' a jury trial." Objections at 4. To the extent plaintiff believes a motion for summary judgment and

4

a trial are one in the same, he is mistaken. A bench trial, like a jury trial, requires in court testimony and evidence. In certain circumstances, testimony can be provided by remote video.

With these clarifications, the court ORDERS:

1. The findings and recommendations filed February 12, 2019, are adopted in full.
2. Defendant's motion to dismiss (ECF No. 72) is DENIED.
3. Plaintiff's request for leave to file a motion for summary judgment is DENIED.
3. The clerk of the court is DIRECTED to serve plaintiff with a copy of the local rules.
4. The clerk of the court is further DIRECTED to re-serve the items returned to the court as undeliverable on January 29, 2018 and February 5, 2018 on plaintiff at his current address.
5. Each party is directed to file a Final Pretrial Status Report, within 30 days of the filed date of this order. The Report must include the following:

- A list of witnesses the party plans to call. After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered.

- A list of exhibits the party plans to introduce. Plaintiff's exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically.

- A concise, joint list of undisputed core facts that are relevant to each claim. Disputed core facts should then be identified in the same manner. The parties are reminded not to identify every fact in dispute but only those disputed facts that are essential to the formulation of each claim. Each disputed fact and undisputed fact should be separately numbered or lettered.

- Concise lists of disputed evidentiary issues that will be the subject of a party's motion *in limine* (pretrial motion).

- The party's points of law, which concisely describe the legal basis or theory underlying his or her claims and defenses. Points of law should reflect issues derived from the core undisputed and disputed facts. A party shall not include argument with any point of law.

- A proposed statement of the case in plain concise language, which will be read to the jury during voir dire and at the beginning of the trial. The purpose of the statement is to inform the jury what the case is about.

- The party's position on the number of jurors to be impaneled to try the case.
- Any special request, for example to appear at trial by video conference, or have witnesses appear by video conference.

6. The final pretrial order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the final pretrial order, and the parties are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

Following review of the parties' reports, the court anticipates setting a trial date.

So ORDERED.

DATED: March 26, 2019.

_____
UNITED STATES DISTRICT JUDGE